**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **LETTERRON DJON BRANNON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:25-cv-804-RAH-CWB** |
| | ) | |
| **THOMAS HUGGINS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff, proceeding *pro se*, initiated this action on October 7, 2025 to assert claims under 42 U.S.C. § 1983.  (*See* Doc. 1).  By Order entered December 1, 2025, Plaintiff was informed that he must submit summonses for the defendants no later than December 15, 2025.  (*See* Doc. 5).  Plaintiff further was cautioned that "**<u>a failure to provide proposed summonses on a timely basis will result in a recommendation of dismissal</u>**."  (*Id*.) (emphasis in original).

On December 3, 2025, a prior mailing to Plaintiff was returned to the clerk of court as undeliverable.  (*See* Docs. 3 & 6).  An Order thus was entered on December 17, 2025 informing Plaintiff that he must provide the court with an updated address no later than December 31, 2025.  (*See* Doc. 7).  Plaintiff again was cautioned that "**<u>a failure to timely respond to this Order … will result in a recommendation of dismissal</u>**."  (*Id*.) (emphasis in original).  Nonetheless, Plaintiff failed to comply or take any other action by the imposed deadline.

Yet another Order was entered on January 16, 2026 directing Plaintiff to "show cause no later than February 2, 2026 as to why he has failed to respond" (*see* Doc. 8), and Plaintiff was "**<u>warned that this is a final opportunity for compliance and that further nonaction will result in dismissal for failure to prosecute and/or for failure to abide by court directives</u>**" (*id*.) (emphasis in original).

1

A court "may ... dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306-07 (11th Cir. 2025) (cleaned up); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).  A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306; *see also Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (stating that "[t]he district court possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice").  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  *Mingo v*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).  "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306 (emphasis in original).

Because this action cannot proceed without Plaintiff's participation, and with efforts to obtain information from Plaintiff having been unsuccessful, the undersigned Magistrate Judge **RECOMMENDS** that this action be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **February 27, 2026**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 13th day of February 2026.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

3